Henry George WOLFBERG, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–01019–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 21, 2002.

---

J. Sidney Crowley, Houston, for appellant.

Julie Klibert, Assistant District Attorney, Houston, for state.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION ON REHEARING

MURRY B. COHEN, Justice.

The State has moved for rehearing and for en banc consideration on rehearing. The panel grants the rehearing motion, withdraws its opinion of November 8, 2001, and issues this opinion in its stead. Accordingly, the motion for en banc consideration on rehearing is **denied** as moot.

A jury found appellant guilty of aggravated sexual assault. The jury found both enhancement paragraphs true and assessed punishment at life in prison.[1] We affirm.

## BACKGROUND

C.M., the complainant, is a five-year-old boy. He has two sisters, M.J.M. and B.J.P., who are seven and 15 years old, respectively. The children lived with the appellant in a trailer. C.M. testified that appellant assaulted him while the two of them were alone in a bedroom. C.M.'s testimony was corroborated when (1) his sister, B.J.P., testified that she had seen appellant and C.M. alone together in the trailer on several occasions and (2) C.M.'s sister, M.J.M., testified appellant had been alone with her in the trailer and sometimes took her to a room by herself while there were others present in the trailer.

However, appellant presented witnesses who testified that appellant and C.M. were never alone together in the trailer and,

---

1. Appellant was on deferred adjudication for possession of cocaine with the intent to manufacture when he committed the present crime. The judge subsequently adjudicated appellant guilty of the possession charge and assessed punishment at life in prison.

further, that appellant was never alone with any of the children. Appellant also presented evidence that showed that the trailer's condition gave its inhabitants very little privacy. Appellant did not testify.

## DISCUSSION

In his sole point of error, appellant contends that the trial judge erred by allowing M.J.M. to testify to extraneous sexual assaults against her.

In his case in chief, appellant called three witnesses. The first witness was Billy Jo M., C.M.'s mother, who testified that appellant was never the only adult in the house. Appellant's second witness was Heather B., his daughter, who testified she lived with appellant during the time that C.M. was also staying at the trailer and that appellant was never alone with the children. Heather B. also testified that neither of the children's bedrooms had doors and that her bedroom door had a hole where the doorknob should have been.

Appellant's defensive theory was that (1) he was never alone in the trailer with any of the children and (2) due to the trailer's condition, he would not have had the privacy necessary to have molested the complainant if others had been in the trailer at the time. During its rebuttal, the State called seven-year-old M.J.M. to testify. Outside the jury's presence, M.J.M. testified that she had been in the living room and appellant had sexually assaulted her there while C.M. was present in the trailer.

Appellant objected that this testimony violated rules 403 and 404(b) of the Texas Rules of Evidence. *See* Tex.R. Evid. 403, 404(b). The trial judge overruled the objection and allowed M.J.M. to testify.

## ANALYSIS

■ A trial judge's admission of extraneous offense evidence is reviewed for abuse of discretion. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex.Crim.App.1996) (op. on reh'g).

■ Appellant argues that the trial judge erred by allowing M.J.M.'s testimony over his Rule 404(b) objection. If extraneous offense evidence is not relevant except to show character conformity, it is inadmissible under rule 404(b). *See Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex.Crim.App.1990) (op. on reh'g); *Benavides v. State*, 992 S.W.2d 511, 530–31 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). However, extraneous offense evidence may be relevant and admissible to rebut a defensive theory. *See Ransom v. State*, 920 S.W.2d 288, 301 (Tex.Crim.App. 1994); *Roberts v. State*, 29 S.W.3d 596, 601 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

The State offered M.J.M.'s testimony to show that appellant had been in the trailer with her and had molested her there while C.M. was present. The State argued that the extraneous act should come in to show opportunity. We agree.

Opportunity was a legitimate purpose for M.J.M.'s testimony because appellant's witnesses denied he was alone with the children, *i.e.*, that appellant ever had the opportunity to molest them, and furthermore, appellant elicited testimony of the trailer's condition to show that lack of privacy made a sexual assault there impossible.[2] Therefore, M.J.M.'s testimony was admissible to rebut appellant's defensive theory. *See generally Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001). Consequently, we hold the trial judge did not abuse his discretion under rule 404(b).

---

**2.** Appellant's defensive theories are nearly identical to those of the defendant in *Wheeler*

*v. State*, 67 S.W.3d 879, 881 (Tex.Crim.App. 2002) (designated for publication).

Even if the trial judge correctly admitted evidence under rule 404(b), we must consider whether he should have excluded it under rule 403 because of its unfairly prejudicial nature.

The *Montgomery* Court listed the following factors to consider under rule 403:

> (1) the ultimate issue was not seriously contested by the defendant; (2) the State had other convincing evidence to establish the ultimate issue to which extraneous misconduct was relevant; (3) the probative value of the misconduct was not, either alone or in combination with other evidence, particularly compelling; (4) the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious.

*Montgomery*, 810 S.W.2d at 392–93.

We examine the *Montgomery* factors. First, whether appellant had sexually assaulted C.M. was hotly contested. Thus, this factor favors admission of the evidence. Second, the State did not have other convincing evidence that appellant had the opportunity to molest C.M. in the trailer while others were present. M.J.M.'s testimony was the only testimony rebutting that defensive theory. Thus, this factor favors admission. Third, the probative value of appellant's misconduct with M.J.M. was compelling to rebut appellant's defensive theory and to provide the jury with evidence that, despite the trailer's lack of privacy, appellant was able to sexually assault M.J.M. This factor favors admission. Fourth, the jury instruction[3] was sufficient to prevent the jury panel from wrongly using M.J.M.'s testimony. Such evidence, accompanied by such instructions, is routinely admitted in such cases. This factor favors admission.

After examining the *Montgomery* factors, we hold that the trial judge did not abuse his discretion in overruling appellant's objection under rule 403.

We overrule appellant's sole point of error.

We affirm the judgment.

---

**3.** The jury instruction was:

> First of all, the State must prove each and every element of any extraneous offense beyond a reasonable doubt. If you find that the State has proved each and every element of an offense or bad act beyond a reasonable doubt, if there is one, then evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

> It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. If you find an extraneous offense was committed beyond a reasonable doubt, then you may use the evidence for the aforementioned purposes.