Opinion issued on April 8, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00083-CR




ERRICK WAYNE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd Criminal District Court
Harris County, Texas
Trial Court Cause No. 910718




MEMORANDUM OPINION
          A jury found appellant, Errick Wayne Johnson, guilty of murder and found that
the murder was not the result of sudden passion. After finding an enhancement true,
the jury assessed punishment at confinement for 50 years. In three points of error,
appellant contends that his trial counsel was ineffective by (1) failing to object to the
evidence that appellant stabbed someone in addition to the complainant, (2) failing
to request an instruction limiting the jury’s consideration of the other stabbing, and
(3) failing to make a Batson challenge. We affirm.
Background
          For approximately three years, appellant lived with the complainant, Wanda
Quinney, and her two sons, C.J. and B.J. At approximately 10:00 p.m., on May 2,
2002, C.J. heard a loud thump against a bedroom wall followed by the complainant’s
screaming. C.J. broke through the locked bedroom door and saw the complainant in
a closet being struck by appellant. C.J. ran towards appellant and hit him in the back
of the head with his fist. After a brief struggle, appellant threw C.J. into the closet
and, holding a knife, stabbed at C.J., cutting him twice. Appellant then dragged the
complainant from the closet and threw her against the wall. Afterwards, he
disconnected and destroyed phone lines and a cell phone. 
          The complainant took C.J. into the bathroom to treat his knife wounds. She
told C.J. to get an extra phone cord out of a closet, connect it to a phone, and call 911. 
Avoiding appellant’s sight, C.J. succeeded in calling 911. He told the operator that
“there’s a man in our house, he has a knife, and he’s trying to kill me and my mother.” 
C.J. then joined his mother and appellant in the dining room where the confrontation
had quieted down.
          Officers knocked on the door in response to the 911 call. C.J. said that he
knew who stood at the door and would answer it, but the complainant told him that
she would answer the door instead. When the complainant opened the door, appellant
violently slammed the door on her arm. As the officers attempted to push open the
door, appellant stabbed the complainant twice in the heart, causing her death. 
Ineffective Assistance of Counsel
          In three points of error, appellant contends that his trial counsel was ineffective
by (1) failing to object to the evidence that appellant stabbed someone other than the
complainant, (2) failing to request an instruction limiting the jury’s consideration of
the other stabbing, and (3) failing to make a Batson challenge. 
Standard of Review
          Strickland v. Washington sets out the standard of review for evaluating claims
of ineffective assistance of counsel. 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant
must show that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different, i.e., sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Effective assistance of
counsel does not mean errorless counsel. See Saylor v. State, 660 S.W.2d 822, 824
(Tex. Crim. App. 1983); Jaenicke v. State, 109 S.W.3d 793, 797 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813. In so doing, we recognize the strong presumption that
counsel’s performance fell within the wide range of reasonable professional
assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at
813. 
          The defendant bears the burden to prove ineffective assistance of counsel by
a preponderance of the evidence. Thompson, 9 S.W.3d at 813. A defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). The defendant’s burden is even more
difficult when, as in this case, the defendant does not file a motion for new trial
asserting ineffective assistance of counsel. See Jackson v. State, 973 S.W.2d 954,
957 (Tex. Crim. App. 1998). Assertions of ineffective assistance of counsel must be
firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002). An appellate court will not find ineffectiveness based on speculation. 
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d). 
 
Failure to Object
          In his first point of error, appellant contends that, because the testimony
introduced an extraneous offense, his trial counsel should have objected to C.J.’s
testimony that appellant stabbed him twice in the events leading up to the
complainant’s death. To be admissible, extraneous offense evidence must be relevant
apart from indicating mere character conformity, that is, it must tend to establish some
elemental or evidentiary fact or rebut some defensive theory. Tex. R. Evid. 404(b);
Montgomery v. State, 810 S.W.2d 372, 386–87 (Tex. Crim. App. 1991) (op. on
reh’g); Wolfberg v. State, 73 S.W.3d 441, 443 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). An extraneous offense is admissible to prove the culpable mental state
required for the charged offense if the required intent cannot be inferred from the act
itself, or if the accused presents evidence to rebut that inference. Johnson v. State,
932 S.W.2d 296, 303 (Tex. App.—Austin 1996, pet. ref’d) 
          Appellant argues that the fact that he stabbed C.J. is not relevant because the
sole issue at trial was whether appellant intended to kill the complainant. Appellant
argues that C.J.’s stabbing was not probative because (1) he did not argue that
stabbing the complainant was a mistake or accident, (2) identity and motive were not
at issue, and (3) C.J.’s stabbing was not the same transaction contextual evidence or
res gestae of the offense. Appellant further argues that any probative value from the
extraneous offense evidence is substantially outweighed by the danger of unfair
prejudice.
          The State responds that this extraneous offense evidence is admissible to show
appellant’s intent to kill and to rebut appellant’s defensive theory that the
complainant’s death was not intentional but only reckless. The State also maintains
that the evidence was admissible to show the same transaction contextual evidence.
          The State charged appellant with murder, and appellant defended the charge
on the theory that he was not guilty of murder but guilty of manslaughter.


 
Appellant’s attorney argued that, “If you read the law carefully, and look at it,
[appellant] is guilty of recklessly causing the death of [the complainant].” The jury
charge gave the jury the option of finding appellant guilty of the lesser offense of
manslaughter. 
          In taking the position that appellant’s acts were merely reckless, appellant
placed his intent at issue and offered a defensive theory. Thus, the extraneous offense
of appellant stabbing C.J. was admissible. See Johnson, 932 S.W.2d at 302. An
attorney’s failure to object to admissible testimony does not constitute ineffective
assistance. McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992);
Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet.
ref’d).
          We overrule appellant’s first point of error. 
Limiting Instruction
          In his second point of error, appellant contends that his trial counsel was
ineffective for failing to request a limiting instruction regarding C.J.’s stabbing. 
          Unless appellant indicates that counsel’s ineffectiveness is firmly founded in
the record, we presume that the challenged action was sound trial strategy. See
Gamble, 916 S.W.2d at 93; Bone, 77 S.W.3d at 835. Appellant argues that a limiting
instruction “would have limited the jury’s consideration of the extraneous offense to
its proper purpose, whatever that was.” Appellant does not indicate for what purpose
his attorney should have requested a limiting instruction. 
          Because appellant did not file a motion for new trial, the record does not reveal
why appellant’s counsel chose not to request a limiting instruction. Accordingly,
appellant failed to defeat the strong presumption that the decisions of counsel during
trial fell within the wide range of reasonable professional assistance. See Strickland,
466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813. Gamble, 916
S.W.2d at 93.
          We overrule appellant’s second point of error.
Batson Challenge 
          In his third point of error, appellant contends that his trial counsel was
ineffective for failing to make a Batson challenge. 
          Appellant requests that we abate this case for a Batson hearing, yet he cites no
authority in support of his request. Further, appellant admits that he cannot
demonstrate that the result of the trial would have been different, as Strickland
requires, but asks us to remand for the trial court to conduct a Batson hearing. See
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. We hold that, because appellant
cannot meet the second prong of Strickland, we cannot conclude that his trial
counsel’s actions were ineffective. See id.
           We overrule appellant’s third point of error. Conclusion
           We affirm the judgment of the trial court. 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Alcala, Hanks, and Bland.



Do not publish. Tex. R. App. P. 47.4.