# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00521-CR

**Jeremiah Joe Tobar, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 57389, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Jeremiah Tobar ("appellant") was convicted of two counts of aggravated sexual assault of his nephew M.T. To rebut the theories of lack of opportunity and recent fabrication argued by appellant during trial, the State attempted to admit testimony from three of M.T.'s relatives who claimed that appellant had also abused them. Appellant objected, arguing that the probative value was substantially outweighed by the danger of unfair prejudice and that the evidence amounted to inadmissible character evidence. *See* Tex. R. Evid. 403, 404. The district court admitted the evidence, and appellant appeals the district court's judgment. We will affirm the judgment of the district court.

## BACKGROUND

On several different occasions, M.T.'s mother, Denise Pierce, gave temporary custody of M.T. and his younger brother, N.T., to their paternal grandparents, Mr. and Mrs. Tobar. During

the most recent occasion, Mr. and Mrs. Tobar had custody of M.T. for several years, and M.T. lived at their house while they had custody. The appellant, who is the uncle of M.T. and the son of Mrs. and Mrs. Tobar, also resided at the Tobar house for a significant part of the time M.T. resided there.

Child Protective Services received a complaint that appellant may have sexually abused M.T. and sent an agent to question M.T. about the allegation. After the interview, M.T. told his mother that appellant had abused him and ultimately told Child Protective Services. Subsequently, law enforcement was notified, and an investigation was conducted. As part of the investigation, a Sexual Assault Nurse Examiner examined M.T. Although the nurse did not find any physical evidence of abuse, she testified that this was not unusual given the length of time between the alleged incidents and the investigation. However, she did testify that, during her examination, M.T. described the alleged acts of abuse. Appellant was arrested and indicted on three counts of sexual abuse.

At trial, Pierce testified that, when she placed M.T. and N.T. in their grandparents' care, she knew that appellant would sometimes watch over the boys and that she trusted him. She also testified that M.T. told her appellant had sexually abused him and had threatened to hurt him if he told anyone about the abuse. M.T. testified that appellant would supervise him when both of his grandparents were out of the house and testified that appellant sexually assaulted him on numerous occasions in appellant's room and once in the living room. However, M.T. stated that the abuse only occurred when no other adults were present.

After the State finished presenting its case, appellant gave his opening statement and explained that "[w]e expect the evidence to show that . . . in fact [M.T.] was never alone with

Jeremiah Tobar." Further, counsel stated that the evidence would show that one of M.T.'s grandparents was always present in the house whenever both M.T. and appellant were in the house and that, when both grandparents had to be out of the house, M.T. was taken to a babysitter. In addition, counsel stated that the evidence would show that, during some of the time period in which the alleged acts occurred, appellant was out of the state.

Appellant called Mrs. Tobar to testify, and she stated that, when she and her husband had to work the same hours, she would take M.T. to a babysitter, that appellant never babysat M.T., and that appellant was never alone with M.T. She also testified that appellant was in Colorado for several months while M.T. was living with her. In addition, Mrs. Tobar stated that, after getting into trouble with the law, Pierce removed M.T. from her care and further testified that she believed Pierce blamed her for the legal problems. On cross-examination, Mrs. Tobar stated that she believed Pierce had arranged the case against appellant as an attempt to get back at Mrs. Tobar.

Appellant also called his half brother, Michael Tobar ("Michael"), and Juanita Segovia to testify. In his testimony, Michael stated that appellant moved to Colorado to live with him for several months in 2001 and in 2002, the time in which M.T. was living with his grandparents. Segovia testified that she would babysit M.T. and N.T. when their grandparents both had to be at work.

The State contended that appellant had presented the defensive theory of lack of opportunity through his opening statement and through the testimony of Mrs. Tobar, Michael, and Segovia. Further, the State argued appellant had also presented the defense of recent fabrication through the testimony of Mrs. Tobar regarding the falling out she had with Pierce. To rebut these

defenses, the State offered evidence from three minors who were relatives of M.T. claiming that appellant had abused them under circumstances similar to those described by M.T. Appellant objected arguing that the evidence should not be admitted because its prejudicial effect outweighed its probative value and because he had not properly raised the defensive theory of lack of opportunity. *See* Tex. R. Evid. 403 (providing for exclusion of relevant evidence if probative value is outweighed by danger of unfair prejudice). Specifically, appellant argued that the only defensive theory put forward was that M.T. was never alone with appellant, which he argued was unrelated to whether he was ever alone with other children. Appellant also contended that the evidence was merely inadmissible character evidence. *See id.* R. 404 (with exceptions, character evidence not admissible for purpose of proving conduct in conformity with character).

The district court admitted the evidence but instructed the jury that the evidence could be considered only for the limited purpose for which it was admitted and provided a similar instruction in the jury charge. Specifically, the district court instructed the jury to consider the evidence solely for the purposes of determining "motive, opportunity, plan, knowledge, identity, absence of mistake or accident, if any, in connection with the offense alleged against" appellant. This language tracks the permissible uses of extraneous misconduct found in rule 404(b).

The State offered the testimony of M.T.'s older brother, J.T., his older sister, A.T., and another relative, A.M.T. J.T. testified that, when appellant was babysitting him and M.T., appellant would take M.T. into his room and do "bad things" to M.T. Specifically, he testified that on one occasion he walked into appellant's room and observed appellant trying to make M.T. touch appellant's penis. J.T. also testified that once, when his grandparents were home but in another

room, appellant asked him to go to appellant's room and, once there, instructed him to place his hand on appellant's penis. Similarly, A.T. testified that, while she was at the Tobars' house, appellant took her to his room and sexually assaulted her on more than one occasion. Finally, A.M.T. testified that appellant sexually abused her while her grandparents were home but in another room.

The jury found appellant guilty of two counts of aggravated sexual assault of a minor and sentenced him to life imprisonment and a fine of $10,000 for each count. Appellant appeals the judgment of the district court.

## STANDARD OF REVIEW

The determination of whether evidence of other crimes may be admitted for a purpose other than character conformity is a question for the district court. *Martin v. State,* 173 S.W.3d 463, 466 (Tex. Crim. App. 2005). The standard of review for a trial court's admissibility decision is an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). In applying this standard, we review the district court's ruling in light of the record before the court at the time the ruling was made, *Khoshayand v. State*, 179 S.W.3d 779, 784 (Tex. App.—Dallas 2005, no pet.), and will not disturb the ruling absent a showing in the record that the trial court abused its discretion, *Rankin v. State*, 821 S.W.2d 230, 233 (Tex. App.—Houston [14th Dist.] 1991, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We will uphold the trial court's ruling if the court employed the appropriate analysis, *cf. id.*, if the ruling is reasonably supported by the record and is correct under any theory

of law applicable to the case, *Khoshayand*, 179 S.W.3d at 784, and if the ruling is within the "zone of reasonable disagreement," *Powell*, 63 S.W.3d at 438.

**DISCUSSION**

On appeal, appellant concedes that the testimony of M.T.'s relatives was relevant to rebut the defense of lack of opportunity but argues that the evidence should have been excluded under rule 403. In three subissues, appellant contends that: (1) the court erred in admitting the evidence without stating its reasoning; (2) the evidence should have been excluded because the relevant factors in a 403 analysis required the exclusion of the evidence; and (3) the district court erred by allowing the testimony to be entered on the grounds of rebutting recent fabrication without providing a limiting instruction.

Rule 404(b) states that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Tex. R. Evid. 404(b); *see Martin,* 173 S.W.3d at 466. However, rule 404(b) also provides that evidence of extraneous offenses may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Tex. R. Evid. 404(b). This list is illustrative, not exhaustive, and evidence of extraneous offenses may be also be admitted when a defendant raises an issue negating an element of the offense charged. *Martin*, 173 S.W.3d at 466.

Rule 403 states that evidence, even relevant evidence, may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Tex. R. Evid. 403. Rule 401 defines relevant evidence as "evidence having

6

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* R. 401. Under a 403 analysis, only evidence that is *unfairly* prejudicial should be excluded, and relevant evidence is presumed to be more probative than prejudicial. *DeLeon v. State*, 77 S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. denied). Unfair prejudice occurs when the evidence presented has an undue tendency to suggest that a decision should be made on an improper basis. *Id.*

In determining whether evidence should be excluded under rule 403, the court of criminal appeals has described factors that a trial court may consider in making the determination: (1) "[h]ow compellingly evidence of the extraneous misconduct serves to make more or less probable a fact of consequence"; (2) "the potential the 'other crimes, wrongs, or acts' have to impress the jury in some irrational but nevertheless indelible way"; (3) the amount of trial time needed to develop evidence of the extraneous conduct, *Montgomery*, 810 S.W.2d at 389-90; and (4) "the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute," *Santellan v. State,* 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

Appellant first argues that there is no evidence in the record that the district court applied these factors before determining whether the evidence should be admitted. However, the court is not required to announce that it has conducted and completed the balancing test, and proper application of these factors may be implied from the record. *Cf. Nolen v. State*, 872 S.W.2d 807, 812 (Tex. App.—Fort Worth 1994, pet. ref'd). Further, even when the record does not contain a direct

discussion about the balancing, we will presume the court did engage in the mandatory balancing. *Id.* Accordingly, we overrule this subissue on appeal.

Alternatively, the appellant argues that the district court erred in admitting the testimony for the purpose of rebutting the defense of lack of opportunity because the *Montgomery* factors required the evidence be excluded. On appeal, the appellant concedes that the first and third of the Montgomery factors weigh in favor of admitting the testimony but argues that the second and fourth factors strongly weigh in favor of excluding the testimony.

The appellant contends that the fourth factor requires exclusion of the evidence because the testimony of M.T.'s relatives was not needed to rebut a lack of opportunity defense. Specifically, appellant contends that, when the State cross-examined Mrs. Tobar, she admitted that appellant would supervise various children, including M.T., on his own when children were dropped off at her residence when neither she nor Mr. Tobar were home. Further, appellant asserts that this admission discredited his lack of opportunity defense and impeached Mrs. Tobar's previous testimony that appellant was never alone with M.T. In addition, appellant contends that, because there was evidence indicating appellant was alone with children, there was no material fact in issue regarding whether he had the opportunity to be alone with children, and the testimony presented was only offered as character evidence. Alternatively, appellant argues that the district court should only have admitted testimony indicating that the children were alone with appellant in the residence, not testimony indicating appellant sexually abused the children, and should have limited the number of witnesses called to one rebuttal witness. Appellant contends this limitation would have allowed the

8

State to attack the defensive theory of lack of opportunity and eliminated the prejudicial effect of the testimony.

The appellant also argues that, due to the inflammatory nature of the testimony given by the rebuttal witnesses, the second factor also required exclusion of the evidence because the testimony left an irrational and indelible impression on the jury. *See Montgomery*, 810 S.W.2d at 397 (misconduct involving children inherently inflammatory).

Regarding the fourth factor, M.T.'s grandmother did state during cross-examination that the appellant would babysit children, including M.T., at her home if parents dropped their children off at her house while she and her husband were at work. But she also said that appellant had only supervised M.T. prior to the time M.T. was living with Mr. and Mrs. Tobar. The alleged abuse did not occur until after M.T. had moved into the Tobars' residence. Therefore, her statement did not discredit appellant's claim that he was never alone with M.T. during the time of the alleged acts of abuse. Further, her statement did not indicate that appellant and M.T. were ever alone together; rather, she indicated that appellant was never alone with M.T., even while babysitting, because there were always other children around.

Further, there was no other evidence that could have been used to rebut the appellant's defense of lack of opportunity and, therefore, the State's need for the evidence was great. There was no physical evidence of abuse due to the length of time between when the alleged incidents occurred and the subsequent investigation, and there were no other witnesses to the alleged acts.

Regarding the second factor, the fact that the testimony was inflammatory does not mean that the evidence left an irrational and indelible impression on the jury. The testimony offered was relevant to rebut the defense of lack of opportunity, and the court explicitly instructed the jury that it may only consider the evidence presented for the allowable purposes listed in rule 404(b) and provided a similar instruction in the jury charge. *See* Tex. R. Evid. 404(b). Given both of these instructions, we cannot conclude the district court erred when it impliedly concluded that the potential ability of the evidence to make an irrational but indelible impression on the jury had been sufficiently contained. *See Williams v. State,* 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (appellate courts presume juries follow instructions given).

Our determination is bolstered by the decisions reached in two similar cases. *See Powell*, 63 S.W.3d 435; *Wolfberg v. State,* 73 S.W.3d 441, 444 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). In *Powell*, the court of criminal appeals concluded that the appellate court incorrectly determined that the trial court abused its discretion in allowing the State to use testimony of other victims that were also allegedly abused by the defendant to rebut the defense of lack of opportunity. *Powell*, 63 S.W.3d at 440. Powell claimed in his opening statement that he could not have molested the victim because he was never alone with her; in response, the State introduced evidence from other girls claiming that the defendant had abused them while in the presence of other children. *Id.* at 437. Similarly, in *Wolfberg* the court concluded that the trial court did not abuse its discretion in overruling appellant's 404(b) and 403 objections to the admission of testimony concerning the abuse of another victim at the same house and under similar circumstances because the testimony was offered to rebut the appellant's claim that there was no opportunity for the abuse

to happen. 73 S.W.3d at 444. Appellant claimed that he was never alone with the victim in the house and that there was no area in the house with enough privacy for the alleged abuse to occur. *Id.*

In light of the whole record, including statements in appellant's opening statement claiming that he was never alone with M.T., testimony by Mrs. Tobar stating appellant was never alone with M.T., and the testimony of Mrs. Tobar and Michael indicating that appellant was out of the state for a significant amount of time while M.T. was living at the Tobars' residence, we cannot conclude that the trial court improperly employed a 403 analysis or acted without regard to any guiding rules or principles, nor can we conclude that admitting the testimony was outside the zone of reasonable disagreement. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the testimony of the three rebuttal witnesses for the purpose of rebutting the defense of lack of opportunity. We, therefore, overrule this subissue.

Alternatively, appellant argues that the court erred to the extent that it admitted the evidence to rebut the defense of recent fabrication allegedly invoked by the testimony of Mrs. Tobar indicating that she believed the case against appellant was the result of a personal grudge Pierce had against her. The appellant argues there was no evidence in the record suggesting that Pierce instructed her son to fabricate the claims against appellant. Further, appellant insists that the court erred in failing to instruct the jury in either the oral instructions or in the jury charge that it could consider the rebuttal evidence only for the limited purpose of rebutting the theory of recent fabrication. The appellant insists that, due to this omission, the jury was allowed to improperly infer guilt from the testimony regarding the extraneous offenses.

Although appellant did not raise the issue again, he did elicit testimony from Mrs. Tobar indicating the possibility of recent fabrication by M.T. and his mother. Further, although the instructions given to the jury both orally and in the jury charge did not include a limiting instruction concerning recent fabrication, appellant did not object to either instruction. In addition, the instruction to the jury specified the purposes for which the rebuttal evidence could be considered, namely the allowable uses of character evidence specified in rule 404(b). *See* Tex. R. Evid. 404(b). The instructions also stated that the jury was not to consider the evidence "for any other purpose." *See Williams,* 937 S.W.2d at 490 (presume juries follow instructions given). Because the instruction prohibited consideration of the evidence for any reason other than those specifically identified, the court's failure to include an instruction on recent fabrication benefitted, rather than harmed, the appellant. Therefore, to the extent that the district court's failure to include an instruction regarding recent fabrication was error, it was harmless error. *See* Tex. R. App. P. 44.2.

## CONCLUSION

Having overruled appellant's issue, we affirm the judgment of the district court.

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed: June 16, 2006

Do Not Publish