NUMBER 13-03-00689-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ELOY JASSO CEDILLO,                                                                  Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


    On appeal from the 206th District Court of Hidalgo County,
Texas.

                                                                                                                        

                 MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Eloy Jasso Cedillo,
guilty of one count of aggravated sexual assault[1]
and eight counts of indecency with a child.[2]  The jury assessed punishment at twenty-five
years= imprisonment for the aggravated sexual
assault and fifteen years= imprisonment for each count of indecency
with a child.  The trial court ordered
the sentences to run concurrently.  In
eight issues, appellant contends (1) the application of Malik v. State
violates due process, (2) the trial court erred in admitting extraneous offense
evidence, and (3) his trial counsel was ineffective.  We affirm.

                                                      A.  Jury
Charge Error

In his first issue, appellant contends that
the application of Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997), to Count One (the aggravated sexual assault charge) violates the federal
due process clause because United States Supreme Court precedent mandates that
the jury, not the appeals court, must make fact findings on all essential
elements of the offense charged. 
Specifically, appellant argues that because the issue of the victim=s age, a necessary element to the offense of
aggravated sexual assault, was not submitted to the jury, the jury was unable
to convict him beyond a reasonable doubt. 
The State concedes that there is error in the application paragraph of
the jury charge as to Count One. 
However, the State contends that such error does not implicate the issue
of sufficiency of the evidence under Malik, but constitutes jury charge
error which must be evaluated under Almanza v. State, 686 S.W.2d 157
(Tex. Crim. App. 1985), and its progeny. 
We agree with the State and will address appellant=s issue accordingly.[3]








When an appellant claims that a jury charge
error violated a constitutional right, and the appellant fails to preserve the
jury charge error, the applicable standard of review is set out in article
36.19 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166,
170 (Tex. Crim. App. 1996) (citing Almanza, 686 S.W.2d at 171).  

First, an appellate court must determine
whether error exists in the jury charge. Second, the appellate court must
determine whether sufficient harm was caused by the  error to require reversal. Hutch, 922
S.W.2d at 170; Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App.
1986).  The degree of harm necessary for
reversal depends upon whether the error was preserved.  Hutch, 922 S.W.2d at 170-71; Arline,
721 S.W.2d at 351.  Error properly
preserved by an objection to the charge will require reversal Aas long as the error is not harmless.@  Almanza,
686 S.W.2d at 171.  However, when the
charging error is not preserved, a greater degree of harm is required.  Hutch, 922 S.W.2d at 171.  This standard of harm is described as Aegregious harm.@  Almanza, 686 S.W.2d at 171.  Errors which result in egregious harm are
those which affect Athe very basis of the case,@ deprive the defendant of a Avaluable right,@ or Avitally affect a defensive theory.@  Id.
at 172.  In either event, when conducting
a harm analysis the reviewing court may consider the following four
factors:  (1) the charge itself; (2) the
state of the evidence including contested issues and the weight of the
probative evidence; (3) arguments of counsel; and (4) any other relevant
information revealed by the record of the trial as a whole.  Bailey v. State, 867 S.W.2d 42, 43
(Tex. Crim. App. 1993).








Count One of the indictment charged
appellant with aggravated sexual assault. 
A person commits aggravated sexual assault Aif he intentionally and knowingly causes the
penetration of the anus or female sexual organ of a child by any means and the
victim is younger than 14 years of age.@  Tex. Pen. Code Ann. ' 22.021(a)(1)(B), (2)(B) (Vernon Supp.
2005).  Because the charge did not
include the element of the victim=s age in the application paragraph, the
charge was erroneous.  See Escobar v.
State, 28 S.W.3d 767, 779 (Tex. App.BCorpus Christi 2000, pet ref=d). 
However, because appellant failed to object to the charge, we must
determine if such error resulted in egregious harm.  See Almanza, 686 S.W.2d at 171. 

First, we look at the charge itself to
determine harm.  The abstract portion of
the jury charge correctly stated the elements of aggravated sexual
assault:  A. . . a person commits the offense of
Aggravated Sexual Assault if the person commits sexual assault of a child and
the victim is younger than 14 years of age.@  Tex. Pen. Code Ann. ' 22.021(a)(1)(B), (2)(B) (Vernon Supp.
2005).  Because the abstract portion
included an instruction on the element of the victim=s age, we conclude the jury charge when
viewed in its entirety informed the jury of the age element required for the
commission of aggravated sexual assault. 
See Lane v. State, 957 S.W.2d 584, 587 (Tex. App.BDallas 1997, pet ref=d).

Next, we look at the state of the
evidence.  The age of the victim was not
a contested issue at trial.  Both the
indictment and the charge state that the offense occurred on or about March 31,
1997.  The trial testimony shows that the
victim was born on December 24, 1986. 
The victim testified that she was approximately nine or ten years old
when she had her first menstrual period, and her mother was out of town.  She went to the appellant, her stepfather,
for guidance.  Appellant told her to pull
her pants down and then stuck his finger in her vagina.  Testimony of the outcry witness also
indicated that the victim told her that appellant had touched her in the
vaginal area from the time she was about three years old until she was about
ten or eleven years old.








Finally, we look at the jury arguments.  In its closing argument, the State set forth
the elements required to convict appellant of aggravated sexual assault, including
that the victim was under fourteen years of age.  The State reviewed the evidence supporting
each element, including the age of the victim. 
The State reiterated that the victim got her first period in 1997, when
she was eleven years old; the victim testified that the incident happened when
she was eleven years old; and all of the incidents occurred between 1990 and
1997, when the victim was between the ages of three and eleven.

Having considered the error in light of the
charge itself, the state of the evidence, 
the argument of counsel, and any other relevant information revealed by
the record of the trial as a whole, we conclude that the error did not cause
appellant egregious harm.  Appellant=s first issue is overruled.

In his second issue, appellant argues that
this case should be remanded for a new sentencing hearing on Count One, because
the judgment of conviction of aggravated sexual assault is void because the
jury failed to make a finding on the essential element of the victim=s age. 
Appellant=s argument is based on the premise that the
jury convicted appellant of sexual assault rather than aggravated sexual
assault.  However, as we concluded above,
the error of omitting the element of the victim=s age in the jury charge does not affect the
validity of the jury=s verdict of guilt of aggravated sexual assault.  Therefore, punishment was properly assessed
within the range of punishment for aggravated sexual assault.  Appellant=s second issue is overruled.

                                     B.  Admission
of Extraneous Offense








In his third and fourth issues, appellant
contends the trial court erred in admitting testimony regarding appellant=s uncharged bad acts during the
guilt/innocence phase of the trial because they constituted improper character
evidence under Texas Rule of Evidence 404(b), and the testimony was irrelevant
to the case.  

We review a trial court's decision to admit
evidence under rule 404(b) under an abuse of discretion standard.  Prible v. State, 175 S.W.3d 724, 732
(Tex. Crim. App. 2005). A trial court abuses its discretion when its decision
is so clearly wrong as to lie outside the zone within which reasonable persons
might disagree.  McDonald v. State,
179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Appellant asserts the trial court erred in
allowing E.G. to testify that once, when she was sleeping over at appellant=s house with the victim, appellant pulled up
her nightgown and touched her.  He
contends that E.G.=s testimony constituted improper character
evidence under rule 404(b).

Under rule 404(b), extraneous offense
evidence is inadmissable if it is only relevant to show character
conformity.  Tex. R. Evid. 404(b); see Montgomery v. State, 810
S.W.2d 372, 387-88 (Tex. Crim. App. 1990); Wolfberg v. State, 73 S.W.3d
441, 443 (Tex. App.BHouston [1st Dist.] 2002, pet. ref=d). 
However, extraneous offense evidence may be relevant and admissible to
rebut a defensive theory.  See Ransom
v. State, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); Wolfberg, 73
S.W.3d at 443.  

Appellant testified that he was never alone
with the children; there were always other adults around the house.  Therefore, he argues, there was no
opportunity to sexually assault them. 
The State argued that E.G.=s testimony was relevant to show that
appellant did, in fact, have the opportunity to commit the offense. 








We conclude the trial court did not abuse
its discretion when it allowed the State to present evidence of the extraneous
offense of sexual assault against E.G. to rebut the theory of Alack of opportunity@ asserted by appellant.  See Wolfberg, 73 S.W.3d at 443.  Appellant=s third and fourth issues are overruled.[4]


C.  Ineffective Assistance of Counsel

In his fifth, sixth, seventh, and eighth
issues, appellant contends he received ineffective assistance of counsel during
trial.  Specifically, appellant contends
that his trial counsel was ineffective because counsel failed to:  (1) properly object to E.G.=s testimony as irrelevant; (2) properly
object to E.G.=s testimony on the basis that the probative
value of the testimony was substantially outweighed by the danger of unfair
prejudice; (3) request a limiting instruction when the trial court admitted
E.G.=s testimony; and (4) request a jury
instruction on the extraneous offenses introduced at the guilt/innocence phase
of the trial.

The standard of review for a claim of
ineffective assistance of counsel is well established.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

In the absence of affirmative evidence
contained in the record, we presume that trial counsel=s actions were strategically motivated and
that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Strickland,
466 U.S. at 689;  Thompson, 9
S.W.3d at 814; Jackson, 877 S.W.2d at 771.  We will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001).








The record in this case does not show trial
counsel=s reasoning behind the challenged
conduct.  Because appellant=s complaint that he received ineffective
assistance of trial counsel is not firmly founded in the record, and the record
does not affirmatively demonstrate the alleged ineffectiveness, we cannot say
that trial counsel=s performance failed to constitute
reasonably effective assistance by falling below an objective standard of
reasonableness.[5]  Appellant=s fifth, sixth, seventh, and eighth issues
are overruled.

The judgment of the trial court is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this the 29th day of June, 2006.

 











[1]See Tex. Pen.
Code Ann. ' 22.021(a)(2)(B) (Vernon Supp. 2005)





[2]See Tex. Pen.
Code Ann. ' 21.11(a)(1) (Vernon 2003).  





[3] Even if we were to
construe appellant=s argument as a challenge
to the constitutionality of Malik, as an intermediate court we are bound
to follow the decisions of the court of criminal appeals and have no authority
to change the current standard of review. See Wiley v. State, 112 S.W.3d
173, 175‑76 (Tex. App.‑‑Fort Worth 2003, pet. ref'd). 





[4] In his brief, appellant also argues that E.G.=s testimony was subject to the
balancing test contained in Texas Rule of Evidence 403.  However, because appellant failed to object
on rule 403 grounds at trial, this argument is waived.  See Tex.
R. App. P. 33.1.





[5] Appellant is not foreclosed from
presenting his claim via collateral attack by virtue of an application for post‑conviction
writ of habeas corpus.  Ex parte
Nailor, 149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004).