Affirmed and Memorandum Opinion
filed August 19, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00701-CR



Larry Layman, Appellant

v.

The State of
Texas, Appellee



On Appeal from
the 239th District Court

Brazoria County, Texas

Trial Court
Cause No. 55,825



 

MEMORANDUM OPINION 

A jury convicted Larry
Layman of felony driving while intoxicated (DWI) and, after finding several
enhancement paragraphs true, sentenced him to thirty years’ confinement.  Layman
challenges his conviction on the grounds that the evidence is legally insufficient
to support one of the enhancement paragraphs in the indictment, the evidence is
insufficient to support his stipulation to two jurisdictional enhancements, the
trial court erred in denying his motion for continuance, and he received
ineffective assistance of counsel.  We affirm.

I

On October 6, 2007, Layman
drove his vehicle to a convenience store where a witness observed him attempt
to purchase alcohol, but the store clerk refused to sell it to him.  This
witness noted that Layman had slurred speech and apparently could not
understand why the clerk refused his request.  Layman returned to his vehicle
and drove from the store; the witness followed him.  Because the witness
believed Layman was impaired or intoxicated, she called 911 on her cellular telephone.
 She saw Layman weaving in and out of lanes and driving erratically.  She
continued to follow Layman until he was pulled over by a police cruiser. 

Officer Charles
Webster of the City of Brazoria Police Department responded to the witness’s
911 call.  Before signaling Layman to stop, Webster observed Layman’s vehicle weaving
across the center traffic line.  Upon approaching Layman’s vehicle after
pulling him over, Webster noted a strong odor of alcohol coming from inside the
vehicle.  He also smelled alcohol on Layman himself and noticed that Layman’s
speech was slurred and his eyes were “droopy.”  Layman admitted to Webster that
he had been drinking.  Webster then radioed for a state trooper to be sent to
the scene to assist him. 

Trooper Daniel Risinger
responded to Webster’s request, and upon meeting Layman immediately noted a
strong odor of alcohol, as well as Layman’s “glazed” and bloodshot eyes.  Layman
admitted to the trooper he had been drinking.  After administering two standard
field-sobriety tests, Risinger arrested Layman for DWI.  Layman refused to
provide a breath sample. 

Layman was indicted
for DWI, enhanced to a third-degree felony because he had two prior DWI
convictions.[1]
 In addition, for purposes of punishment enhancement, the indictment also contained
an allegation of habitual-offender status based on Layman’s three prior felony
convictions for robbery, possession of a controlled substance, and a prior
felony DWI.[2] 
Before the punishment phase, however, the State abandoned the
possession-of-a-controlled-substance portion of the second enhancement
paragraph.

Layman pleaded “not
guilty” to the indictment but stipulated “true” to two prior misdemeanor DWI’s
that were alleged in the indictment for purposes of jurisdictional enhancement.
 He also pleaded “not true” to the two prior felony offenses in the indictment
that were alleged for purposes of punishment enhancement.  After hearing the evidence,
including the testimony of the witnesses described above, the jury found Layman
guilty of felony DWI and, after finding the habitual-offender punishment
enhancements true, assessed punishment at thirty years’ confinement in the
Texas Department of Criminal Justice, Institutional Division.  The trial court
entered judgment on the jury’s verdict, and this appeal timely ensued after Layman’s
motion for new trial was overruled by operation of law.

II

Sufficiency of
the Punishment Enhancement Evidence

In his first issue, Layman
claims the evidence is legally insufficient to establish he had previously been
convicted of one of the enhancement offenses alleged in the indictment. 
Specifically, he asserts that the first
enhancement paragraph in the indictment alleges he had been convicted of felony
robbery “on the 14th day of April, 1972, in Cause Number 8693 in the 23rd Judicial
District Court of Brazoria County, Texas,”
but the evidence at trial established the
date of this conviction was actually
January 15, 1973.[3] 
Layman contends this variance between the enhancement allegation and the
evidence renders the evidence legally insufficient to support his conviction.

In cases involving a sufficiency claim based on a
variance between the indictment and the evidence, we consider the materiality
of the variance.  Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App.
2002) (en banc); Rogers v. State, 200 S.W.3d 233, 236 (Tex. App.—Houston
[14th Dist.] 2006, pet. ref’d).  A variance is fatal—and renders the evidence
insufficient—only when it is material.  Fuller, 73 S.W.3d at 253; Gollihar
v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001); Rogers, 200
S.W.3d at 236.  “A variance is material if it (1) deprived the defendant of
sufficient notice of the charges against him such that he could not prepare an
adequate defense, or (2) would subject him to the risk of being prosecuted
twice for the same offense.”  Rogers, 200 S.W.3d at 236 (citing Fuller,
73 S.W.3d at 253; Gollihar, 46 S.W.3d at 257).  The defendant bears the
burden of demonstrating the materiality of a variance.  Id. at 237 (citing
Santana v. State, 59 S.W.3d 187, 194–95 (Tex. Crim. App. 2001)). 
Finally, variances between an indictment and the proof of cause numbers,
courts, and dates of conviction in enhancement paragraphs are generally not
material when there is no surprise or prejudice to the defendant.  Simmons v. State, 288 S.W.3d 72, 80
(Tex. App.—Houston [1st Dist.] 2009, pet.
ref’d).

Evidence of Layman’s prior robbery conviction was
admitted in the punishment phase of trial without objection.  With the
exception of the conviction date, the allegations identifying the offense, date
of judgment, and court are correct and match the indictment.  See id. 
As noted above, the error in the date of conviction apparently resulted from
confusion between the date of the offense and the date of the conviction. 
There is simply no record evidence or argument in Layman’s brief that this
variance prevented Layman from identifying the conviction and preparing a
defense or that this variance would subject him to the risk of being prosecuted
later for the same crime.  See Rogers, 200 S.W.3d at 236.  We therefore
conclude that this variance is immaterial and not fatal to Layman’s
conviction.  We overrule his first issue.

Sufficiency of the Jurisdictional Enhancement
Evidence

In his second issue, Layman asserts that his
stipulation to two prior DWIs was legally insufficient to confer jurisdiction
on the trial court.  Layman, relying solely on the oral stipulation made on the
record in the trial court, contends that his stipulation was unclear or
ambiguous.  But we need not consider whether Layman’s oral stipulation
conferred jurisdiction here because Layman provided a written stipulation that
sufficiently conferred jurisdiction.

A party may stipulate to any fact or to any element
of an offense.  Bryant v. State, 187
S.W.3d 397, 400 (Tex. Crim. App. 2005).  When a criminal defendant does so, the
stipulation is a “kind of judicial admission,” and he will not be heard to
question the stipulated fact on appeal.  Id.  A stipulation effectively withdraws a fact from
issue and dispenses with the need for proof of that fact.  Id.  Indeed,
the Court of Criminal Appeals has concluded that even a stipulation to a
conviction that was too remote to serve as a jurisdictional predicate for a
felony DWI deprived an appellant from complaining about the sufficiency of the
proof on that issue.  See Smith v. State, 158 S.W.3d 463, 464–65 (Tex. Crim.
App. 2005).

Here, Layman stipulated in writing to two prior final
DWI convictions, which raised the instant DWI offense from a misdemeanor to a
felony.[4] 
The written stipulation, signed by both Layman and the State, reads in
pertinent part:  “Prior to the commission of the primary offense as alleged in
the indictment, the Defendant, Larry Layman, was convicted of Driving While
Intoxicated two times, and said convictions
became final prior to the commission of the primary offense.” 

In short, Layman stipulated to the two prior
convictions about which he now complains on appeal.  Based on his stipulation,
he may not be heard to complain about the sufficiency of the proof of these
facts.  See Bryant, 187 S.W.3d at 400; Smith, 158 S.W.3d at
464–65.  Accordingly, we overrule his second issue.

Motion for Continuance

In his third issue, Layman complains that the trial
court erred in denying his motion for continuance.  He argues he was deprived
of the opportunity to present a complete defense and was denied due process as
guaranteed under the Sixth Amendment to the United States Constitution.  As is
relevant here, before jury selection, Layman’s trial counsel stated: 

I would offer to the Court that I’m unprepared to try this
case.  I have spent my investigation and preparation on the first case that was—that
he was charged with.  And I feel that it would be unfair to the defendant to go
to trial at this time.

He also—I haven’t been paid to try this case. He tells me
now that he has some witnesses that—that I—I don’t have a—don’t even know who
they are and where they live. And being unprepared, Your Honor, I’d either ask
to withdraw or ask for a continuance so that I could contact the witnesses that
he claims to have that would show that he was not intoxicated.

A motion for continuance not
in writing and not sworn preserves nothing for review.  Dewberry v. State,
4 S.W.3d 735, 755 (Tex. Crim. App. 1999) (en banc).  Further, the Court of
Criminal Appeals has recently declared that there is no “due process” exception
to the statutory requirement of a sworn, written motion to preserve appellate
review from denial of a motion for continuance, even when the complaint, as
here, is based on an alleged violation of a defendant’s right to present a
complete defense.  Anderson v. State, 301 S.W.3d 276, 279–80 (Tex. Crim.
App. 2009).  For the foregoing reasons, we overrule Layman’s third issue.

Ineffective Assistance of Counsel

In his fourth and final issue, Layman asserts that
his counsel was ineffective because, as is excerpted above, his trial counsel
admitted on the record that he was not prepared for Layman’s trial.  We review
ineffective-assistance-of-counsel claims under the two-pronged test announced
in Strickland v. Washington.  466 U.S. 668 (1984); Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  To establish ineffective
assistance, an appellant must prove by a preponderance of the evidence that (1)
his trial counsel=s
representation fell below the standard of prevailing professional norms, and
(2) there is a reasonable probability that, but for counsel’s deficiency, the
result of the trial would have been different.  Salinas, 163 S.W.3d at
740.  A Strickland claim must be firmly founded in the record, and the
record must affirmatively demonstrate the meritorious nature of the claim.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Direct appeal is
usually an inadequate vehicle for raising such a claim because the record is
generally undeveloped.  Id.  

Here, assuming for the sake of argument that Layman’s
trial counsel’s purported lack of preparedness fell below the standard of
prevailing professional norms, we cannot agree that there is a reasonable
probability that, but for this deficiency, the result of the trial would have
been different.  Even if a criminal defendant can prove that trial counsel’s
performance was deficient, he must still affirmatively prove that counsel’s
actions prejudiced him.  Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  To demonstrate prejudice, a defendant must establish a
reasonable probability that the result of the proceeding would have been
different if trial counsel had acted professionally.  Id.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Layman identifies the following alleged deficiencies
here:  (1) that counsel failed to interview the store clerks who refused to
sell him alcohol on the night he was arrested, which “may have provided”
information that would have refuted the “intoxication of the defendant,” (2)
that counsel failed to obtain a continuance to further investigate Layman’s
case, and (3) that counsel did not recognize that the evidence did not support
the robbery enhancement allegation.  Regarding the first alleged deficiency,
the failure to call a witness cannot support an
ineffective-assistance-of-counsel claim absent a showing that (a) the witness
was available to testify and (b) his or her testimony would have benefitted the
appellant.  Cf. Ex parte McFarland, 163 S.W.3d 743, 758 (Tex. Crim. App.
2005) (“[H]e has failed to show that these unnamed witnesses were available to
testify or that their testimony would have benefitted him.  Therefore, he fails
to show prejudice.”).  Here, the trial court offered the defense an opportunity
to interview any additional witnesses that Layman felt would help in his case
if he provided the names of these witnesses to the court.  The record does not
reflect that Layman provided the names of any additional witnesses.  Additionally,
Layman has not established that any of these alleged witnesses were available
to testify or that their testimony would have benefitted him.  Thus, he has
failed to show that this alleged deficiency prejudiced him.  See id.

Turning to his second alleged deficiency—the failure
to obtain a continuance—Layman has likewise failed to show any prejudice from
this asserted short-falling.  Further, although Layman’s counsel did not follow
the proper procedure to obtain a continuance, there is no way to know that one
would have been granted if he had.  Indeed, as discussed above, the trial court
actually offered Layman more time to talk with any witnesses before he
presented his defense.  There is simply no indication that the trial court’s
denial of Layman’s oral request for a continuance affected the outcome of the
proceeding.  See Thompson, 9 S.W.3d at 812. 

Finally, as discussed above, the variance between the
robbery enhancement allegation in the indictment and the evidence offered
during the punishment phase was immaterial.  Thus, his trial counsel’s failure
to recognize or address this non-issue cannot support an ineffective-assistance
claim.  Cf. McFarland v. State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992),
overruled on other grounds by Bingham v. State, 915 S.W.2d 9 (Tex. Crim. App.
1994) (explaining that counsel’s failure to object to proper jury argument is
not ineffective assistance of counsel).

In sum, even if counsel’s admission that he was
“unprepared” to proceed with Layman’s case supports an inference that his
counsel was ineffective, Layman has not established, by a preponderance of the
evidence, that such allegedly deficient performance prejudiced him.  We therefore
overrule his fourth and final issue.

 

***

            For the foregoing
reasons, we affirm the judgment of the trial court.

 

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon 2003). 
  





[2]
See id. § 12.42(d) (Vernon Supp. 2009).  





[3]
April 14, 1972, was the date of the offense rather than the date of the
conviction.





[4]
DWI is a class-B misdemeanor.  Tex. Penal Code Ann. § 49.04(b) (Vernon
2003).  This offense becomes a third-degree felony when the State proves “the
person has previously been convicted . . . two times of any other offense
relating to the operating of a motor vehicle while intoxicated . . . .”  Id.
§ 49.09(b)(2) (Vernon Supp. 2009).  Additionally, the Penal Code provides that
the applicable range of punishment for a third-degree-felony DWI may be
increased to 25 to 99 years if the State proves the defendant has been
convicted of two felony offenses and the second felony conviction was for an
offense that occurred after the first felony offense became final.  See id.
§ 12.42(d).