Opinion issued February 24, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00968-CR  

          01-09-00969-CR

———————————

Kevin Gallien, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from the 179th District Court 

Harris
County, Texas



Trial
Court Case Nos. 1185675 & 1095867

 



 

MEMORANDUM OPINION

A jury convicted appellant, Kevin
Gallien, of aggravated sexual assault
(trial court cause number 1185675 & appellate cause number 01-09-00968) and aggravated robbery (trial court cause number 1095867 & appellate
cause number 01-09-00969-CR).
Both indictments contained enhancements for two prior felony convictions.  The jury assessed punishment at confinement
for life on each charge to run concurrently. 
In three points of error, appellant contends that (1) the evidence is
legally and factually insufficient and (2) the trial court erred by allowing
the State to amend the second enhancement paragraph in each indictment.  We affirm.

BACKGROUND

On October 6, 2006, Delicia Soto stopped at a neighborhood
drug store to pick up a prescription for her daughter and to purchase
milk.  As Soto left the store and
approached her car, a man came up behind her, pointed a gun at her, and forced
her into the front passenger seat of her own car.  This man then got into the back seat and
another man got into the driver’s seat. 
The man in the back—who was the older of the two men—made Soto get into
the back seat and forced her, at gunpoint, to perform oral sex on him; he did
not ejaculate.  The two men then
exchanged places and the younger man forced Soto to have sexual intercourse,
while the older man drove.

The two men then returned to the parking lot from which they
had abducted Soto.  The older man, now
driving Soto’s car, told the younger man to shoot Soto.  After the men argued, the older man took the
pistol and pointed it at Soto’s head. 
The younger man took the pistol before the older man could shoot Soto,
and Soto was able to jump out of the car and escape.  She ran to a nearby house and the residents
called the police.

Soto’s vehicle was recovered the same night near the scene
of her abduction.  The police lifted
latent fingerprints from several items in the car and also took DNA samples
from Soto’s clothes and several locations in the car.  Appellant’s fingerprints were found on a
plastic cup recovered from the backseat of Soto’s car and on Soto’s sunglasses,
which she usually carried in her purse. 
Appellant’s DNA was not found on Soto’s clothes, but he could not be
excluded[1]
as a contributor to DNA found on the steering wheel, driver’s side seat, and
center console armrest of Soto’s car. 
Soto, when presented with a photo array containing appellant’s
photograph, was not able to identify him as one of the perpetrators.

SUFFICIENCY OF THE EVIDENCE

In points of error one and two, appellant contends the
evidence is legally and factually insufficient to support his convictions.  In support, appellant points out that Soto
was not able to identify him in a photo line-up or at trial, his DNA was not
recovered from Soto’s clothing, and the DNA samples of the steering wheel were
inconclusive and identified him only as a “possible minor contributor.”  Specifically, appellant claims that “given
the lack of any identification by the sole witness and the inconclusive nature
of the physical evidence, no rational trier of fact could have found all of the
essential elements of the offenses of Aggravated Robbery and Aggravated Sexual
Assault true beyond a reasonable doubt.”

A.
Standard of Review

This Court now reviews both legal and factual sufficiency
challenges using the same standard of review. Ervin v.
State, No. 01-10-00054-CR, 2010 WL 4619329, at *2-4 (Tex. App.—Houston [1st
Dist.] Nov. 10, 2010, pet. filed) (construing majority holding of Brooks v.
State, 323 S.W.3d 893, 912, 924-28 (Tex. Crim. App. 2010)). Under this
standard, evidence is insufficient to support a conviction if, considering all
the record evidence in the light most favorable to the verdict, no rational factfinder
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct.
1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App.
2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
Viewed in the light most favorable to the verdict, the evidence is insufficient
under this standard in two circumstances: (1) the record contains no evidence,
or merely a “modicum” of evidence, probative of an element of the offense; or
(2) the evidence conclusively establishes a reasonable doubt. See Jackson,
443 U .S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 & n. 11; Laster,
275 S.W.3d at 518; Williams, 235 S.W.3d at 750. Additionally, the
evidence is insufficient as a matter of law if the acts alleged do not
constitute the criminal offense charged. Williams, 235 S.W.3d at 750.

If an appellate court finds the evidence insufficient under
this standard, it must reverse the judgment and enter an order of acquittal. See
Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982). An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. See Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007)). In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt. Id.
(citing Hooper, 214 S.W.3d at 13). An appellate court presumes that the
factfinder resolved any conflicting inferences in favor of the verdict and
defers to that resolution. See Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778. An appellate court also defers to the
factfinder’s evaluation of the credibility of the evidence and weight to give
the evidence. See Williams, 235 S.W.3d at 750.

 

B. Analysis

          Here, appellant’s fingerprints were
found on a cup and sunglasses in Soto’s car. 
The identity of one committing a criminal offense may be conclusively
proved by fingerprint comparison alone if the evidence tends to show the
fingerprints were made at the time of the offense. Scott v. State, 968
S.W.2d 574, 578 (Tex. App.—Austin 1998, pet ref’d) (citing Grice v. State,
151 S.W.2d 211, 222 (Tex. Crim. App. 1941)); see Washington
v. State, 721 S.W.2d 502, 503 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d)
(holding fingerprints alone are sufficient to sustain finding of guilt if
evidence shows fingerprints must necessarily have been made at time of offense)
(citing Nelson v. State, 505 S.W.2d 271, 273 (Tex. Crim. App. 1974) and Wheat
v. State, 666 S.W.2d 594, 596 (Tex. App.—Houston [1st Dist.] 1984, pet.
ref’d)). There was no evidence indicating that the fingerprints were placed on
the cup or sunglasses at any time other than during the charged offense.  The Jack-in-the-Box plastic cup had been in
the car for only one day.  Police checked
the store at which it was purchased, and appellant was not employed there.  Soto testified that no one had recently
worked on her car and that only family had been in it during the days before
the offense.  

Additionally, there was DNA evidence linking appellant to
the offense.  The Court of Criminal
Appeals has held that DNA evidence is admissible to prove identity.  Kelly
v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992); Glover v. State, 825 S.W.2d 127, 128 (Tex. Crim. App. 1992). In
fact, DNA evidence alone, without additional circumstantial evidence, may be
sufficient to establish identity.  See King v. State, 91 S.W.3d 375, 380
(Tex. App.—Texarkana 2002, pet. ref’d); Robertson
v. State, 16 S.W.3d 156, 17–72
(Tex. App.—Austin 2000, pet. ref’d). 
Here, there was testimony that appellant “could not be excluded” as a
contributor to the DNA mixture found on the steering wheel of Soto’s car and
that the chance that an unrelated person selected at random could be such a
contributor would be 1 in 1000.  In
addition, there was other evidence, such as appellant’s fingerprints, linking
him to the crime.  The fact that
appellant was excluded as a DNA contributor to the semen found on Soto’s pants
and panties is consistent with her testimony that only the younger of the two
assailants vaginally penetrated her, and that the older assailant demanded only
oral sex and did not ejaculate.

Regarding Soto’s inability to identify appellant in court,
the law does not require an in-court identification and it is merely one factor
to consider in assessing the weight and credibility of a witness’s
testimony.  Conyers v. State, 864 S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.]
1993, pet. ref’d); Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Soto testified that she was unable to see the perpetrators
during most of the event because her shirt was over her head.  She was able to generally describe the older
assailant as an African-American male, 30-35 years old, 5’11” to 6’ tall, and
170 to 190 pounds.  This very general
description matched appellant, except that he actually weighed 225 pounds.  The State explained that Soto’s inability to
provide a more detailed description was likely caused by the stress and terror
of the situation, and that many people in such stressful situations develop a
sort of “tunnel vision.”

Viewing the evidence in the light most favorable to the
verdict as we must, we cannot conclude that (1) the record contains no
evidence, or merely a “modicum” of evidence, probative of the element of
identity; or (2) the evidence conclusively establishes a reasonable doubt as to
identity. See Jackson, 443 U .S. at 314, 318 n.11, 320, 99 S. Ct. at
2786, 2789 & n.11; Laster, 275 S.W.3d at 518; Williams, 235
S.W.3d at 750. Accordingly, we overrule points of error one and two.

AMENDMENT OF INDICTMENTS

In his third point of error, appellant contends that the
trial court erred in allowing the State to amend the enhancement paragraphs in
both indictments during the punishment phase of the trial.

A. Background

          The indictment for aggravated robbery contained
the following two enhancement paragraphs:

Before the commission of the offense alleged above
(hereinafter styled the primary offense), on June 12, 1990 in Cause No. 0566560 in the 174th
District Court of Harris County, Texas, the defendant was convicted of the
felony of POSSESSION OF A CONTROLLED SUBSTANCE.

 

Before the Commission of the primary offense, and after the
conviction in Cause Numbber [sic]
10566560 was final, the Defendant committed the felony of POSSESSION OF A
CONTROLLED SUBSTANCE and was convicted on June 30, 1994 in Cause Number 9413746
in the 262nd District Court of Harris County, Texas.

 

It
is undisputed that the first enhancement paragraph was correct, but that the
second enhancement, which referenced the same conviction as that alleged in the
first enhancement, added the number “1” before the cause number 0566560.

          The indictment for aggravated sexual
assault contained the following two enhancement paragraphs:

Before the commission of the offense alleged above
(hereinafter styled the primary offense), on June 12, 1990 in Cause No. 0566560
in the 174th District Court of Harris County, Texas, the defendant
was convicted of the felony of POSSESSION OF A CONTROLLED SUBSTANCE.

 

Before the Commission of the primary offense, and after the
conviction in Cause Number 0566560 was final, the Defendant committed the
felony of POSSESSION OF A CONTROLLED SUBSTANCE and was convicted on December 30, 1994 in Cause Number
9413746 in the 262nd District Court of Harris County, Texas.

 

It
is undisputed that the first enhancement paragraph was correct, but that the
second enhancement paragraph included the wrong date of conviction.  Appellant was convicted of the second offense
on June 30, 1994, not December 30, 1994.

At the close of the State’s evidence at the punishment phase
of the trial, appellant moved for an instructed verdict on the second
enhancement paragraph in each case on the grounds that the State had not proved
the allegations as they were pleaded in the indictment.  The State then moved to amend the
indictments.  Appellant objected that the
amendments were untimely.  The trial
court overruled appellant’s objections. 
The charges were changed to reflect the amendments requested by the
State.  The indictment in the aggravated
robbery shows that the extra “1” before the cause number was struck
through.  The indictment in the
aggravated sexual assault was not changed.

C. Analysis

          On appeal, appellant contends that
either (1) the amendments were untimely under article 28.10(b) of the Code of
Criminal Procedure,[2] or
(2) the indictments were never properly amended at all.[3]  Appellant contends that the amendments were
harmful because “the State’s evidence was insufficient to prove the second
enhancement in each paragraph as it was pled in the indictments because each
enhancement contained either an incorrect cause number or incorrect date of
conviction.”  Essentially, appellant
argues that, but for the amendments, there would have been a fatal variance
between the indictments and the proof.

      However, variances
between an indictment and the proof of cause numbers, courts, and dates of
conviction in enhancement paragraphs have been held not to be material. See
Freda v. State, 704 S.W.2d 41, 42-43 (Tex. Crim. App. 1986). It logically
follows that, had the date and cause number of appellant’s prior convictions
not been corrected in the indictments, the variances would have been
immaterial. A variance in dates of conviction is not fatal when there is no
surprise or prejudice to the defendant. Benton v. State, 770 S.W.2d 946,
947 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d).

          In Simmons
v. State, 288 S.W.3d 72, 79-80 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d),
the defendant argued that the trial court erred by allowing the State to amend
an enhancement paragraph after trial began. 
This Court held that, error, if any, was harmless because, absent
surprise, any variance between the date of conviction alleged in the indictment
and date proved at trial was not a material variance.  Id.
at 80.

          In this case, there is nothing to show
that appellant was surprised or prejudiced by the change of the cause number or
date of his prior convictions.  Thus,
following the reasoning of Simmons,
we conclude that error, if any, in failing to amend or in untimely amending the
enhancement paragraphs, was harmless.

          We overrule point of error three.

CONCLUSION

          We affirm the judgments of the trial
court.

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The State’s expert testified
that the frequency of a randomly-selected individual who “could not be
excluded” from the DNA mixture on the steering wheel would be 1 in 1000 for
African-Americans.  The suspects in this
case were African-American.  Soto
testified that, other than the two suspects, no other African-American men had
used her car.





[2]           Texas Code of Criminal Procedure
article 28.10 prescribes the following procedure for amending an indictment:

(a) After notice to the defendant, a
matter of form or substance in an indictment or information may be amended at
any time before the date of the trial on the merits commences. On the request of
the defendant, the court shall allow the defendant not less than 10 days, or a
shorter period if requested by the defendant, to respond to the amended
indictment or information.

 

(b) A matter of form or substance in an
indictment or information may also be amended after the trial on the merits
commences if the defendant does not object.

 

(c) An indictment or information may
not be amended over the defendant's objection as to form or substance if the
amended indictment or information charges the defendant with an additional or
different offense or if the substantial rights of the defendant are prejudiced.

 

Tex. Code
Crim. P. Ann. art. 28.10 (a)-(c)
(Vernon 2006).

 





[3]
          See Ward v. State, 829 S.W.2d 787, 794-95 (Tex. Crim. App. 1992)
(holding that when indictment is not physically amended on its face, amendment
is not effective and original indictment language prevails), overruled by Riney v. State, 28 S.W.3d
561, 566 (Tex. Crim. App. 2009 (holding physical interlineation of indictment
is acceptable, but nonexclusive means of effectuating amendment).