# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00211-CR

**Jacob Mediano, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-14-1052-SB, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jacob Mediano of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(2)(B). Punishment was assessed at fifty years' imprisonment. In two issues on appeal, Mediano contends that the district court lacked jurisdiction because there was no evidence of "actual presentment" of his indictment and alternatively, if his indictment was properly presented, such presentment violated his right to equal protection. We will affirm the district court's judgment.

## BACKGROUND

The record reflects that Mediano was indicted by a grand jury for aggravated sexual assault of a child after his 13-year-old niece gave birth to a baby and DNA tests showed that

Mediano could not be excluded as the father of the child.[1]  Mediano's indictment stated, in relevant

part:

> The Grand Jurors for the County of Tom Green, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term 2014, of the 119th District Court of said County, upon their oaths present in and to said Court, that JACOB MEDIANO, Defendant on or about the 15th day of July, 2013, and before the presentment of this indictment, in said County and State, did then and there intentionally or knowingly cause the penetration of the sexual organ of [victim], a child who was then and there younger than 14 years of age and not the spouse of the defendant, by the defendant's sexual organ; AGAINST THE PEACE AND DIGNITY OF THE STATE.

A jury unanimously found Mediano guilty of aggravated sexual assault of a child as alleged in the

indictment, and the district court assessed his punishment at fifty years' imprisonment.  Mediano

filed a one-sentence motion for new trial contending that the verdict was contrary to the law and

evidence.  His motion was overruled by operation of law.  This appeal followed.

## DISCUSSION

**Presentment of indictment**

In his first issue, Mediano contends that there was no proper presentment of his

indictment and the district court lacked jurisdiction because there was no evidence of "actual

presentment."  Our sister court considered this argument in *Helsley v. State*, a similar appeal from

a conviction for sexual assault of a child. *See Helsley v. State*, No. 07-15-00350-CR, 2017 Tex. App.

---

[1]  The jury heard forensic DNA analyst Rachel Burch testify that 99.999998% of the male population is excluded from the possibility of being the biological father of the victim's child.

LEXIS 1986, at *1-3 (Tex. App.—Amarillo Mar. 8, 2017, pet. filed) (mem. op., not designated for publication). Here, like the appellant in *Helsey*, Mediano states:

> "Filing" and "presentment" are distinct concepts. Jurisdiction vests on presentment of an indictment, i.e., one "duly acted upon" by the grand jury and received by the court. "Duly acted upon" includes the indictment's delivery by the foreman to the judge or court clerk. The court's records must note presentment; here they reflect only filing. Absent positive evidence of actual presentment recorded by the judge or court clerk—which "presentment" strictly requires—did jurisdiction lie below?

*Id.* at *1.

Presentment occurs when an indictment is delivered "to the judge or clerk of the court." Tex. Code Crim. Proc. art. 20.21 ("When the indictment is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court. At least nine members of the grand jury must be present on such occasion."); *State v. Dotson*, 224 S.W.3d 199, 204 (Tex. Crim. App. 2007). Presentment of an indictment to a court vests the court with jurisdiction of the cause. Tex. Const. art. V, § 12(b); *Dotson*, 224 S.W.3d at 204; *Helsley*, 2017 Tex. App. LEXIS 1986, at *1. A signed indictment featuring an original file stamp of the district clerk's office is strong evidence that a returned indictment was "presented" to the court clerk within the meaning of article 20.21 of the Code of Criminal Procedure. *Dotson*, 224 S.W.3d at 204 (indictment bearing original file stamp "convincingly show[ed] the presentment requirement was satisfied"); *Helsley*, 2017 Tex. App. LEXIS 1986, at *2.

The record reflects that Mediano's indictment was issued by a grand jury and signed by its foreman. The face of the indictment bears the stamp of Sheri Woodfin, the District Clerk of Tom Green County, Texas, dated October 6, 2014, stating "FILED FOR RECORD." As the State

3

points out, filing the indictment would be impossible without it being presented to the clerk. Additionally, the clerk's record contains a case summary with an entry labeled "Indictment" on October 6, 2014, stating "Delivered to Clerk through Grand Jury foreman with at least 9 members of the GJ present and returning indictment." We conclude that the indictment's original file stamp and the case-summary entry for the indictment convincingly show that the presentment requirement was met. *See* Tex. Code Crim. Proc. art. 20.21; *Dotson*, 224 S.W.3d at 204; *Helsley*, 2017 Tex. App. LEXIS 1986, at *2.

Further, there is evidence in the record that the district court received the grand jury's indictment. *See* Tex. Code Crim. Proc. art. 12.06 ("An indictment is considered as 'presented' when it has been duly acted upon by the grand jury and received by the court."). The face of the indictment in this record states: "The Grand Jurors for the County of Tom Green, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term 2014, of the 119th District Court of said County, upon their oaths present in and to said Court . . ." The record also shows that the district court had the prosecution read the indictment to Mediano in open court at the start of the trial and that the court asked Mediano to enter a plea to the offense charged in the indictment. *See Helsley*, 2017 Tex. App. LEXIS 1986, at *2-3 (noting that if trial court had not received indictment "it would seem rather ludicrous for it to ask the defendant to enter a plea to the charges contained therein once read to him in open court"). On this record, we conclude that the presentment requirement was met and that the district had jurisdiction to try Mediano for the offense of aggravated sexual assault of a child as alleged in the indictment. We overrule Mediano's first issue.

4

**Equal protection**

In his second issue, Mediano contends that if his indictment was properly presented, such presentment violated his right to equal protection. Like the appellant in *Helsey*, Mediano asks:

> Is equal protection denied if the circumstances here are accepted as proper presentment of a State-prepared document such as an indictment, while a motion for new trial—which is virtually always a defense filing—requires far more documentation to qualify as "presented"?

*See id*. at *3. But it appears that Mediano did not preserve this issue for our review. *See id*. Equal protection claims must be preserved for appellate review. *Moreno v. State*, 409 S.W.3d 723, 728-29 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Saldano v. State*, 70 S.W.3d 873, 889-90 (Tex. Crim. App. 2002)); *Helsley*, 2017 Tex. App. LEXIS 1986, at *3-4; *see also* Tex. Code Crim. Proc. art. 1.14 ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). Mediano contends that he raised this issue at his "earliest opportunity" because it depended on this Court's rejection of his first issue as to whether presentment of his indictment was proper. We disagree. Mediano knew that his indictment had been accepted as properly presented because his case proceeded to trial where the court made multiple references to the indictment. Mediano points to no authority supporting his decision to delay his complaint about a perceived equal-protection issue on presentment requirements for indictments and motions for new trial. Because Mediano has not shown that he made his equal-protection argument

5

to the district court, we conclude that he failed to preserve this issue for appellate review. *See*

*Helsley*, 2017 Tex. App. LEXIS 1986, at \*4.  We overrule Mediano's second issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   July 18, 2017

Do Not Publish