# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00249-CR[1]

Steven Michael Brown, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-13-0564-SB, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Steven Michael Brown[2] pleaded guilty to the indicted offense of aggravated assault with a deadly weapon, *see* Tex. Penal Code § 22.01(a)(2), and was sentenced by the trial court to confinement for seven years in the Texas Department of Criminal Justice, Institutional Division. Appellant raises two issues on appeal. He challenges the trial court's jurisdiction based on an alleged failure to comply with the presentment requirements for indictments and raises equal

---

[1] The notice of appeal in this case was originally filed in July 2016. The Supreme Court of Texas ordered the case transferred to the Eighth Court of Appeals pursuant to its docket equalization authority. *See* Tex. Gov't Code § 73.001; Misc. Docket No. 16-9040 (Tex. Mar. 22, 2016) (per curiam). This Court transferred the case to our sister court in August 2016. In April 2018, the Supreme Court of Texas ordered that this case, along with certain other cases, be transferred back to this Court from the Eighth Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

[2] According to appellant, the proper spelling of his middle name is "Micheal." We refer to appellant by the name as it appears on the judgment.

protection concerns in the event this Court overrules his jurisdictional challenge. We affirm the trial court's judgment of conviction.

## Background[3]

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon. Specifically, the indictment, signed by the foreman of the grand jury, stated:

> The Grand Jurors for the County of Tom Green, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January Term, A.D. 2013, of the 119th District Court of said County, upon their oaths present in and to said Court, that STEVEN MICHAEL BROWN, Defendant on or about the 13th day of April, 2013, and before the presentation of this indictment, in said County and State, did then and there intentionally, knowingly, or recklessly cause bodily injury to Richard Dennery by striking him, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a glass bottle which in the manner of its use and intended use was capable of causing death and serious bodily injury, during the commission of said assault;
>
> AGAINST THE PEACE AND DIGNITY OF THE STATE.

*See* Tex. Penal Code § 22.01(a). The indictment was file stamped by the district clerk on June 3, 2013.

In January 2015, the trial court approved a pretrial diversion agreement between appellant and the State. After appellant violated the terms of the pretrial diversion agreement, the State's case against him proceeded to trial in July 2016. Appellant pleaded guilty to the indicted

---

[3] Because the parties are familiar with the facts of the case and its procedural history and the facts and procedural history generally do not pertain to appellant's issues, we provide only a general overview. *See* Tex. R. App. P. 47.1, 47.4. The evidence at trial was that appellant assaulted Richard Dennery at a bar on the night of April 13, 2013, by hitting him on the head with a glass bottle of beer. Just before the assault, appellant and Dennery had a brief altercation.

charge and elected for the trial court to determine his punishment. The trial court found him guilty of the indicted charge and assessed punishment of seven years' confinement. The trial court thereafter entered judgment in accordance with its finding. This appeal followed.

## Discussion

**Presentment of Indictment**

In his first issue, appellant contends that the trial court lacked jurisdiction because there was a lack of "positive evidence of *actual* presentment recorded by the judge or court clerk." *See* Tex. Const. art. V, § 12(b) ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."). To support his position, appellant argues that filing does not equate with presentment and that the record here reflects "only *filing*," and he cites cases addressing the presentment requirement for motions for new trial. *See, e.g.*, *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009) (in context of presenting motion for new trial, requiring defendant to "put the trial judge on actual notice that he desires the judge to take some action, such as making a ruling or holding a hearing"); *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (same).

The Texas Court of Criminal Appeals, this Court, and other courts, however, have squarely addressed and rejected similar arguments to the ones appellant makes here. *See State v. Dotson*, 224 S.W.3d 199, 204 (Tex. Crim. App. 2007); *Mayes v. State*, 536 S.W.3d 102, 107–08 (Tex. App.—Amarillo 2017, pet. ref'd); *Mediano v. State*, No. 03-16-00211-CR, 2017 Tex. App. LEXIS 6548, at *3 (Tex. App.—Austin July 18, 2017, pet. ref'd) (mem. op., not

designated for publication); *Helsley v. State*, No. 07-15-00350-CR, 2017 Tex. App. LEXIS 1986, at *2–3 (Tex. App.—Amarillo Mar. 8, 2017, pet. ref'd) (mem. op., not designated for publication).

In our analysis of a substantially similar argument in *Mediano*, we recognized that our Texas Constitution requires presentment of an indictment to vest the court with jurisdiction of the cause. *See Mediano*, 2017 Tex. App. LEXIS 6548, at *3 (citing Tex. Const. art. V, § 12(b)); *see also Helsley*, 2017 Tex. App. LEXIS 1986, at *2. We also explained that presentment occurs when an indictment is delivered "to the judge or clerk of the court." *Mediano*, 2017 Tex. App. LEXIS 6548, at *3 (citing Tex. Code Crim. Proc. art. 20.21 ("When the indictment is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court. At least nine members of the grand jury must be present on such occasion.")); *see also* Tex. Code Crim. Proc. arts. 12.06 ("An indictment is considered as 'presented' when it has been duly acted upon by the grand jury and received by the court."); 20.22 (addressing recording of presentment). Citing the reasoning in *Dotson* and *Helsley*, we then explained that "[a] signed indictment featuring an original file stamp of the district clerk's office is strong evidence that a returned indictment was 'presented' to the court clerk within the meaning of Article 20.21." *Mediano*, 2017 Tex. App. LEXIS 6548, at *3–4 (citing *Dotson*, 224 S.W.3d at 204 (indictment bearing original file stamp "convincingly show[ed] the presentment requirement was satisfied"); *Helsley*, 2017 Tex. App. LEXIS 1986, at *2); *see Mayes*, 536 S.W.3d at 107–08.

Here the record contains the indictment, reflecting on its face that it was issued by the grand jury and signed by that body's foreman, and the indictment was file stamped by the district clerk on June 3, 2013. *See Dotson*, 224 S.W.3d at 204; *Mayes*, 536 S.W.3d at 107–08; *Mediano*,

4

2017 Tex. App. LEXIS 6548, at *4 (observing that "filing the indictment would be impossible without it being presented to the clerk"). The record also shows the trial court's receipt of the indictment. *See* Tex. Code Crim. Proc. art. 12.06; *Mediano*, 2017 Tex. App. LEXIS 6548, at *4–5; *Helsley*, 2017 Tex. App. LEXIS 1986, at *2–3. The indictment itself states: "The Grand Jurors for the County of Tom Green, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the January Term, A.D. 2013, of the 119th District Court of said County, upon their oaths present in and to said Court . . . ." Further, among other actions reflecting receipt of the indictment, the prosecutor read the indictment to appellant in open court at a pretrial hearing after being directed to do so by the trial court, and the trial court asked appellant at trial how he pleaded to the indicted charge after appellant waived having the indictment read again. *See Mediano*, 2017 Tex. App. LEXIS 6548, at *4–5 (concluding that evidence in record, including recitations in indictment and reading of indictment in open court, showed that district court had received grand jury's indictment); *Helsley*, 2017 Tex. App. LEXIS 1986, at *2–3 (concluding that trial court's direction to read indictment in open court and asking defendant to enter plea as to indictment established that "trial court accepted, came into possession of, or otherwise received the indictment").

Following the reasoning from these cases, we conclude that the presentment requirement was met to vest the trial court with jurisdiction to consider the State's case against appellant. We overrule appellant's first issue.

**Equal Protection**

In his second issue, appellant raises an equal protection argument based on the presentment requirements for indictments as compared with motions for new trial in the event that

5

this Court overrules his first issue. He also argues that he is raising this equal protection argument at the "'earliest opportunity,' presuming this Court does not agree with [his] Issue One." When faced with substantially the same arguments in *Mediano*, this Court concluded that the appellant had not preserved the issue for appellate review. *See* 2017 Tex. App. LEXIS 6548, at \*6–7. We observed that equal protection claims must be preserved for appellate review. *Id.* at \*6 (citing *Moreno v. State*, 409 S.W.3d 723, 728–29 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Saldano v. State*, 70 S.W.3d 873, 889–90 (Tex. Crim. App. 2002)); *Helsley*, 2017 Tex. App. LEXIS 1986, at \*3–4); *see also* Tex. Code Crim. Proc. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment . . . before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). We then disagreed with the appellant that he had raised the argument at his "earliest opportunity," explaining that the appellant "knew that his indictment had been accepted as properly presented because his case proceeded to trial where the court made multiple references to the indictment." *Mediano*, 2017 Tex. App. LEXIS 6548, at \*6.

Similarly, in this case, appellant was aware that the trial court had accepted the indictment as properly presented because the indictment was read in open court at the trial court's direction and his case proceeded to trial with the trial court making multiple references to the indictment, but he did not raise his equal protection argument with the trial court. *Id.* (noting that appellant "points to no authority supporting his decision to delay his complaint about a perceived equal-protection issue on presentment requirements for indictments and motions for new trial");

6

*see also Mayes*, 536 S.W.3d at 108 (concluding that issue raising equal protection concerns based on presentment requirements for indictments as compared with motions for new trial was not preserved for appellate review because appellant did not raise issue with trial court); *Helsley*, 2017 Tex. App. LEXIS 1986, at *4 (same).

Following our reasoning in *Mediano*, we conclude that appellant failed to preserve this issue for appellate review. *See* 2017 Tex. App. LEXIS 6548, at *6–7. We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 31, 2018

Do Not Publish

7