Opinion issued August 16, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00482-CR

———————————

**HENRY BELIARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Case No. 2093529**

---

## MEMORANDUM OPINION

Henry Beliard pleaded guilty to driving while intoxicated after the trial court denied his motions to suppress evidence. *See* TEX. PENAL CODE § 49.04. He was sentenced to one year's confinement, probated pending completion of 15 months of community supervision. On appeal, Beliard contends that the trial court erred by

refusing to suppress evidence because the State failed to justify its initial traffic stop. The State contends that Beliard failed to preserve that issue for review by raising it first in the trial court. We agree, and we thus affirm.

**Background**

Deputies E. Ontiveros and M. Pellas conducted a traffic stop of a car driven by appellant Henry Beliard around 3:00 a.m. The law enforcement officers were in separate cars some distance from each other, both watching for speeders on the improved right-hand shoulder of the highway. Beliard's car first attracted Deputy Ontiveros's attention because it was traveling at a noticeably slow pace. Deputy Ontiveros instructed Deputy Pellas to begin watching Beliard's car as it approached.

While both deputies were still pulled over on the shoulder, Beliard's car went onto the shoulder and approached the back of Deputy Pellas's car. Beliard's car then reentered the right lane, an exit lane at that point, and continued on the highway. Deputy Ontiveros followed Beliard. Deputy Pellas then pulled behind Deputy Ontiveros while maintaining a view of both cars in front of him.

Beliard activated his right-turn signal, and his car traveled from the exit lane back onto the shoulder. Then the left-turn signal briefly illuminated, and the car traveled on the shoulder for roughly 15 seconds before Deputy Ontiveros activated his flashing lights to initiate a traffic stop. Deputy Ontiveros instructed Deputy

2

Pellas to pull his car between the two others and to conduct the traffic stop. Deputy Pellas administered a sobriety test and prepared an affidavit to support a search warrant after Beliard refused a blood draw. Beliard was arrested, his blood was drawn, and he was charged with driving while intoxicated.

Beliard made three motions to suppress evidence, which the trial court heard in one hearing.

The first motion specifically challenged "the evidence seized as a result of the illegal search" of Beliard and his vehicle, generally alleging that the "search of the Defendant's person and vehicle was conducted without a warrant, without probable cause, and without the existence of exigent circumstances that would excuse the failure to obtain a warrant." This motion provided no further argument or explanation about why the "search of the Defendant's person and vehicle" was not supported by probable cause or exigent circumstances. It concluded with a request "that all evidence and any fruits thereof seized during his illegal arrest and search of his vehicle be suppressed."

The second motion concerned the adequacy of the affidavit used to secure a warrant to search Beliard and to obtain a blood draw. That motion also argued that the affidavit did not justify Beliard's "arrest and detention." Finally, it suggested two flaws in Deputy Pellas's affidavit in support of the search warrant. The motion argued that the affidavit gave an inaccurate time for the initial observation of

3

Beliard's car because Deputy Ontiveros's dashcam video showed a different time. Also, the motion contended that the dashcam video showed that Deputy Pellas "was not in a physical position to observe the Defendant '[d]riving on the shoulder for 500 meters,'" as he said in his affidavit.

The third motion was received by the trial court on the day of the suppression hearing and discussed during the hearing. That motion apparently was not filed with the trial court clerk, and it has not been made part of the clerk's record on appeal. The trial judge stated that the third motion was based on an allegedly faulty and insufficient search warrant, and an alleged violation of *Franks v. Delaware*, 438 U.S. 154 (1978), due to an error in Deputy Pellas's affidavit to support the search warrant. Defense counsel offered only to "add one amendment" to the judge's summary of the third motion: that Deputy Ontiveros's dashcam video demonstrated that Deputy Pellas could not have observed Beliard driving on the shoulder for 500 meters, as his affidavit said. Beliard's counsel had no other corrections to the trial court's understanding of the motion.

The State called one witness, Deputy Pellas. He explained that the deputies stopped Beliard because he drove on the shoulder for a distance and because he turned on his right-turn signal, then his left-turn signal, in quick succession. Deputy Pellas also described the circumstances that led him to detain Beliard and to perform a sobriety test and the procedure leading up to a blood draw.

4

Defense counsel cross-examined Deputy Pellas about a discrepancy between his testimony at the suppression hearing and prior testimony given before the State Office of Administrative Hearings (SOAH). The testimony differed with respect to whether Beliard had been driving wholly or mostly on the shoulder or only on the solid line separating the shoulder from the exit lane, and over whether the shoulder was improved or unimproved. Defense counsel also inquired about whether Beliard started driving on the shoulder before Deputy Ontiveros pulled behind him or only afterwards. The cross-examination further explored how Deputy Pellas failed to mention Deputy Ontiveros in the police report, discrepancies between how much of the incident was recorded by the two dashcams, and his ability to see Beliard's car.

On redirect, Deputy Pellas said that Deputy Ontiveros had mentioned probable cause to him while they observed Beliard driving on the shoulder for some distance. Deputy Pellas also explained that he misspoke before SOAH when he characterized the shoulder as unimproved.

On recross, defense counsel established that Deputy Pellas's statement in his affidavit about observing Beliard driving on the shoulder for 500 meters was an approximation.

Defense counsel gave a closing argument and addressed how Deputy Pellas could not confirm his affidavit's reference to 500 meters and how his testimony

conflicted about whether Beliard drove wholly within the shoulder or only on the separating line.

"Addressing the probable cause issue" in its closing argument, the State pointed out that Beliard was "clearly driving on the shoulder even before Deputy [Ontiveros] puts his flashing lights on." And the State reiterated how Deputy Pellas also had observed the same conduct by Beliard that Deputy Ontiveros's dashcam video showed.

After both arguments, the trial judge described his understanding of the basis for Beliard's motions to suppress: a lack of probable cause supporting the affidavit to obtain a warrant to draw Beliard's blood, and the *Franks* issue concerning the affidavit's accuracy. The judge referenced the length of time Beliard drove on the shoulder as probable cause for the traffic stop. Then the judge discussed the affidavit. The judge stated: "I don't want either side to be unclear about what I have looked at, what I have seen, and how I view it," and Beliard's counsel did not correct the trial court's understanding of the issues to be decided.

The trial court then denied the motions to suppress. Beliard pleaded guilty but retained his right to appeal.

**Analysis**

Beliard's sole contention on appeal is that evidence should have been suppressed because by driving on the shoulder of the highway, he did not commit

6

any violation sufficient to support the traffic stop. He relies on Transportation Code Section 545.058(a) and its list of circumstances under which an operator may drive on an improved shoulder. But Beliard did not raise that issue first in the trial court with the required specificity, nor was it apparent from the context in the record that he contested that issue in the trial court.

Errors in evidentiary rulings generally must be preserved in the trial court before an appellate court may review the error. *See* TEX. R. APP. P. 33.1(a); *Rodriguez v. State*, 491 S.W.3d 18, 35 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). To preserve error, the appellant must have made a timely request, objection, or motion that stated the specific grounds, unless the specific grounds are apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). The appellant must have "let the trial judge know what he wants," and why he thought himself entitled to it, "clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Douds*, 472 S.W.3d at 674.

"Global statements" in a written motion to suppress are not sufficient to preserve arguments for appeal. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 33.1). Therefore, a party waives error when a suppression motion makes global arguments, citing little more than

constitutional and statutory provisions, and the party fails to argue any specific grounds for suppressing evidence at the hearing. *Id.*

"A general or imprecise objection may be sufficient . . . but only if the legal basis for the objection is *obvious* to the court and to opposing counsel." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original). The contention on appeal must comport with the specific complaint made in the trial court. *See Moreno v. State*, 409 S.W.3d 723, 728 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). To determine whether error has been preserved, a reviewing court looks at the context of the entire record. *Douds*, 472 S.W.3d at 674.

None of Beliard's three written motions to suppress specifically addressed the legality of his driving on the shoulder or the invalidity of that circumstance as a justification for the traffic stop. The first written motion, which was phrased in the most general of terms, was limited to issues concerning the "search of [Beliard]'s person and vehicle"—all events subsequent to the initial traffic stop. The second motion was similarly limited. It mentioned Beliard's "arrest and detention," but only in the context of arguing that the affidavit failed to state sufficient facts and circumstances to support arrest, detention, or the issuance of a search warrant. The specific arguments in the second motion were a factual challenge to the affidavit's assertion that Deputy Pellas observed Beliard driving on the shoulder "for 500 meters." This motion did not specifically argue that his driving on the shoulder was

legally authorized by the Transportation Code, nor was that argument apparent from the context of the motion. The third motion, as summarized by the trial court and as clarified by Beliard's counsel at the suppression hearing, was limited to the same issues presented by the first two motions, plus a *Franks* argument distinct from Beliard's issue on appeal. The motions to suppress did not invoke the Transportation Code Section 545.058(a) issue that Beliard raises on appeal, nor did they make it "obvious" that he was raising a contention about the legality of driving on the shoulder. *See* TEX. R. APP. P. 33.1(a); *Douds*, 472 S.W.3d at 674; *Buchanan*, 207 S.W.3d at 775.

The issue raised on appeal also was not raised at the suppression hearing. Beliard's counsel's questioning and arguments during the hearing failed to make the arguments now offered on appeal, nor were they apparent from context. Defense counsel never mentioned the legality of driving on the shoulder or Transportation Code Section 545.058(a). As to use of the shoulder generally, counsel only questioned Deputy Pellas about how far Beliard had driven on the shoulder, whether he could have seen him drive on the shoulder, and discrepancies between his SOAH testimony and his testimony at the suppression hearing. Nothing in the substance of defense counsel's arguments during the suppression hearing reasonably could have been understood as a challenge to the traffic stop on the basis that it was legal for him to drive on the shoulder, regardless of the

9

distance traveled. Indeed, when the trial judge described the arguments for suppression, he never mentioned the legality of Beliard driving on the shoulder, and defense counsel failed to clarify that was one of the arguments for suppression.

Beliard's appellate argument invoking Transportation Code Section 545.058(a) does not comport with any legal argument that he made in the trial court. *See Moreno*, 409 S.W.3d at 728. And that argument was not so obvious from the context of the arguments that were presented to preserve error notwithstanding his generalized suppression objections. *See Buchanan*, 207 S.W.3d at 775. We conclude that Beliard's sole issue on appeal was not preserved in the trial court.

## Conclusion

We affirm the trial court's judgment.


Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).